IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD D. TAYLOR, | ) |
| Petitioner, | ) |
| v. | ) C.A.No. 05-30-KAJ |
| THOMAS L. CARROLL, et al., | ) |
| Respondents. | ) |

### ANSWER

Pursuant to the Rules Governing § 2254 Actions, 28 *U.S.C.* foll. § 2254, Respondents state the following in response to the petition for writ of habeas corpus:

In October 1971, the Superior Court convicted Taylor of first degree kidnapping and first degree rape and sentenced him to two concurrent life terms of imprisonment. *Taylor v. State*, 298 A.2d 332 (Del. 1972). Taylor was paroled in June 1986. Taylor failed to comply with the conditions of his parole, and was convicted of three drug offenses while on parole. Taylor was arrested on April 30, 1993, and he subsequently pled guilty to possession of cocaine, being sentenced to 1 year imprisonment, suspended immediately for probation. He was again arrested on April 8, 1994, and subsequently pled guilty to maintaining a vehicle for keeping controlled substances. Taylor was again arrested on April 14, 1998, and he again pled guilty to the charge of possession of cocaine. Taylor's parole was finally revoked in January 1999, but he was immediately re-paroled to level IV Crest, followed by level III supervision. Taylor again failed to adhere to the conditions of his supervision, and his parole was revoked in July 2000. The Parole Board, however, placed him at level IV home confinement, followed by level III

supervision. Not surprisingly, Taylor violated his conditions of supervision, and his parole was revoked in June 2001. In March 2003, Taylor was again paroled to level IV work release and Crest, followed by level II supervision. Taylor yet again violated his conditions of supervision, and his parole was revoked effective May 8, 2004. He has been incarcerated at the Delaware Correctional Center since that date.

On July 2, 2004, Taylor filed a petition for writ of habeas corpus in Superior Court. According to Taylor, he had completed his sentence, and he could not be held for violating the terms of his parole. On July 8, 2004, the Superior Court found that Taylor was legally detained, and denied his petition for writ of habeas corpus. On July 20, 2004, Taylor filed a petition for writ of mandamus with the Delaware Supreme Court seeking to compel the Superior Court to rule upon his state habeas petition. On September 17, 2004, the Delaware Supreme Court denied the petition for writ of mandamus as moot. In October 2004, Taylor filed an appeal from the July 8, Superior Court order. The state supreme court dismissed the appeal as being untimely. *Taylor v.* State, No. 460, 2004 (Del. Dec. 16, 2004). In papers dated January 12, 2005, Taylor then initiated the instant action. (D.I. 1).

Taylor has presented four claims for relief in his petition for writ of habeas corpus: (1) that he was denied due process because the Superior Court failed to timely and properly rule on his state petition for writ of habeas corpus which demanded his release from custody; (2) that he was denied due process when the Delaware Supreme Court failed to timely and properly rule on his petition for a writ of mandamus and subsequent appeal of the Superior Court decision; (3) that the Superior Court denied him due process when it failed to notify him of its decision denying his state petition for writ

of habeas corpus; and (4) that the Delaware Supreme Court denied him due process when it failed to rule on his petition for writ of mandamus in a timely manner. (D.I. 1). As evidenced by the papers attached to the petition and Taylor's response to question 11(d) on the model § 2254 form, Taylor's state court litigation involved his claim that he had served his life sentence and was being held past the expiration date of the sentence.

Taylor's claim must fail under 28 *U.S.C.* § 2254(a) as he has not alleged that he is in custody in violation of the Constitution or laws of the United States, but rather has alleged that the Delaware state courts violated his right to due process in their handling of his state habeas and mandamus actions. A petitioner seeking federal habeas relief may only challenge the fact or duration of confinement. Although Taylor indirectly challenges the duration of his confinement, his claims of error all relate to the manner in which the state courts disposed of his post-conviction applications. The Third Circuit has recognized that such allegations as Taylor has made may provide a cause of action for a section 1983 claim, but the issue is not cognizable in federal habeas corpus. *Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998) ("the federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state . . . proceeding that actually led to the petitioner's conviction; what occurred in the petitioner's *collateral* proceeding does not enter into the habeas calculation.") (emphasis in original). Delay in processing a collateral claim does not make the continued imprisonment of a habeas petitioner unlawful, and therefore does not warrant federal habeas relief. *Id*, *quoting Montgomery v. Meloy*, 90 F.3d 1200, 1206 (7th Cir. 1996). The Third Circuit specifically held that "to the extent that delay in the processing of a collateral petition violates due process, we hold that the petitioner's remedy, if any, is

3

through a lawsuit for damages or a writ of mandamus rather than through the habeas corpus proceeding itself." *Hassine*, 160 F.3d at 955.

The Third Circuit has since extended its holding in *Hassine* to apply not just to delay in post-conviction proceedings, but any allegations of error in the course of a prisoner's post-conviction relief. *Lambert v. Blackwell*, 387 F.3d 210, 247 (3d Cir. 2004). *Lambert* dealt not merely with delay in the collateral proceedings, but an allegation by the prisoner that the prosecution had manipulated evidence at the post-conviction evidentiary hearing. *Id.* The *Lambert* court emphasized that "It is the original trial that is the 'main event' for habeas purposes." *Id.* Because under *Hassine* and *Lambert*, Taylor presents no claim cognizable under section 2254, he is not required to exhaust state remedies. *Tillett v. Freeman*, 368 F.2d 106 (3d Cir. 1989).

No hearing took place regarding Taylor's state petition for writ of habeas corpus. Taylor's 2004 Parole Board hearing was recorded, but the proceeding has not been transcribed. In the event that this Court requires a transcript of the 2004 Parole Board hearing, Respondents anticipate that such transcript could be produced within 90 days from the date of the Court's order.

Wherefore, Respondents request that Taylor's petition for writ of habeas corpus be denied without further proceedings.

                                            STATE OF DELAWARE
                                            DEPARTMENT OF JUSTICE

                                            /s/_____
                                            Gregory E. Smith, I.D. No. 3869
                                            Deputy Attorney General
                                            820 North French Street, 7th Floor
                                            Carvel State Building
                                            Wilmington, Delaware  19801
Dated: April 18, 2005                       (302) 577-8398