IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

Richard D. TAYLOR,

      PETITIONER,

                     C.A. NO. 05-30 KAJ

V.

THOMAS L. CARROLL, et al,

      RESPONDENTS

FILED

APR 28 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Petitioner's Response To Respondents

Answer

      Pursuant To THE Rules Governing § 2254 Actions, 28 U.S.C. Foll. § 2254, Petitioner states the following In Response to Respondents Answer To THE Petitioners Writ of Habeas Corpus:

      The Petitioner Contend that His Criminal History and Violation of Supervision while out on parole did not effect His ultimate Short Term Release Date. The Real Substance of The Petitioners Complaint is The Fourteenth Amendment Protects "Life, Liberty, and Property" An interest That is being Taken from Petitioner without Due Process of law.

(1)

.

The Petitioner Has A Liberty Interest in Receiving All Meritorious And Statutory Good Time.

The Petitioner Has Exceeded His Original Sentence In Such an unexpected Manner As to give Rise to protection of the Due Process Clause. See Sandon V. Conner 115 S. CT. 2293 (1995). The failure To Apply The Earned good Time credits and Statutory good Time Entitlement Violates The Petitioners Rights of Equal Protection of Law, and Affect's Petitioners ultimate Release Date. is Fundamentally unfair and Amounts to Denial of Due Process and other Constitutional Rights. The Petitioner has completed one full Round of the States Established Appellate Review System, Including A Petition for Discretionary Review when Available By The States Highest Court Before filing A Habeas petition in Federal Court. See O'Sullivan V. BOERCKEL 119 S CT. 1728 (1999).

For The sake of a Lengthy Argument The Petitioner Request The Attention of DELAWARE District Court To Review Attached Exhibit "A" In its Entirety.

THE Record of Parole Revocation Hearing And Petitioners Institutional Record indicates No grounds in which it was Alledged to Exonerate or Forfeit Any Earned Good Time Credits from The Petitioner. WOLF V. McDonnell, 94 S. CT. 2963 (1974);

(2)

In _Superintendent of Walpole V. Hill_, 1815 S. CT.
2768 (1985). A Case in which the prison deprived an
Inmate of good Time Credits and thus Extended the
duration of its Custody is fundamentally unfair and
Denial of Due Process and other Constitutional Rights
Are Reviewable point's In this Case. See _Sylvester V. Hanks_,
140 F. 3d 173 (7th Cir. 1998) ( Habeas Corpus statute is appropriate
Remedy only when Prisoner Attacks Fact of Duration of
"Custody"); _Thomas V. McCaughtry_, 201 F 3d 995 (7th Cir. 2000)
( Loss of prison good time Credits is Cognizable in Habeas
Corpus proceeding). The Delaware Statutory Entitlements for
good time create's A Liberty Interest for the petitioner's
Early Release not only from Custody, But his original
Sentence.

It can be Established that The General Assembly
Enacted Del. C. 11 Section 4346 To Entitle Prisoners for
Parole who (A) Have Served 1/3 of the Sentence Term
Imposed By the Court, (C) And for any Person Sentenced
to imprisonment for Life shall be Considered as having
Been Sentenced To A _Fixed_ TERM OF 45 YEARS. Also
4348 of Title 11, which is Entitled Release upon MERIT
And Good Behavior Credits ..... Prior to 1990, An
Eligible Inmate could obtain Early Release In Two
ways, Parole under Section 4346 (A) By Conditional
Release,

The Real Substance of Petitioners Arguments is That He does not fall within The Application of The Truth-In Sentencing Act, Nor Should This Application be Applyd Retroactively to 1971, which does violate The Ex post Facto Clause of Article I, §10. Prior Brethren of The Federal District Court's have clearly stated That Prisoners have a Protected Liberty Intrest in Their good Time Credits. See e.g., <u>Sweeny V. Parke</u>, 113 F.3d 716, 718 (7th Cir. 1997) (Holding That a Prisoner's Loss of good Time Credits is a deprivation of Liberty Intrest Protected By The Due Process clause"); <u>Meeks V. Mc Bride</u> 81 F.3d 717, 719 (7th Cir. 1996).

The Petitioner states that A Fixed Term of 45 years Sentence is subjected To Termination and To Allow The Judicial System of Delaware To Change The Mandatory Language of Title 11 Section (4). The Department of Correction's Have denied The Petitioner His Entitlement To Statutory Good Time and Conditional Release under Section 4348 Title 11, Is a violation of Petitioner Liberty Intrest and Due Process. THE Petitioner Sentence has Long Expired, and now being Illegally Detained.

In Each Release from Prison The Petitioner was Released on Parole, Not Conditional Release, Even while Incarcerated The Petitioner participated in Prison Programs and work details has diminished The Fixed Term of 45 years, To The Shorter Term Release date from

.

(45) years Downward Term. Let The Court take up the Question "What Process is Due"? with the Recognition that Meritorous good Time Credits and Statutory good Time Credits determine How long Someone Remains In states Custody. See <u>Morrissey v. Brewer</u> 92 S.C.T. 2593 (1972) (Length of Confinement). Petitioner Contends that He is Entitled to immediate Release from Confinement.

Generally, diminition of Confinement Credits are Awarded Monthly as earned, But good time Conduct Credits are deducted in advance and only Rescinded if an Inmate Misbehaves or a parolee violates Supervision Conditions and only during the Revocation Hearing is it Established on Record That the parolee is further punished by Forfeiture of His good time Credits, Such has never happen in the petitioner Case, Petitioner has served His original Sentence and to state otherwise would Result in Resentencing the Petitioner without Due Process and Substantial Fundamental Rights.

## Conclusion

The Petitioner is entitled to an Evidentiary Hearing on the withholding of Earned and Statutory Good time from His Sentence in Violation of His Liberty Intrest and Due Process clause. The Petitioner has raised a Legally Cognizable claim upon which Relief May be granted, guaranteed by The, Fourteenth and Fifth Amendment's And Due Process clause of The United States Constitution and Delaware Constitution. The Petitioner Prays.


Dated: April 26, 2005

                                        Sincerely Yours,
                                        Richard D. Taylor
                                        Richard D. Taylor
                                        Delaware Correctional Center
NOTE: Results of                        1181 Paddock Road
2004 Parole Hearing                     Smyrna, Delaware
is Attached.                                      19977

(6)

## Certificate of Service

I, Richard D Taylor, hereby certify that I have served a true and correct cop(ies) of the attached: Petitioner Response To Respondent's Answer upon the following parties/person (s):

TO: Clerk Of The Court
United States District Court
For The District of Delaware
844 N. King Street
Wilmington, Delaware 19801

TO: _____
_____
_____
_____
_____

TO: Mr. Greg Smith, Esq.
State of Delaware
Department of Justice
State Office Building
820 N. French Street
Wilmington, Delaware 19801

TO: _____
_____
_____
_____
_____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977, postage to be paid by the Dept. Of Corrections.

On this 26th day of April , 200 5

Richard D. Taylor

S.M.S
X-RAY

I/M Richard Taylor

DELAWARE CORRECTIONAL CENTER

2005

Office of The Clerk
United States District Court
For The District of Delaware
844 N. King Street
Wilmington, Delaware 19801