IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RICHARD D. TAYLOR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 05-30-KAJ |
| | ) | |
| THOMAS L. CARROLL,  Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Richard D. Taylor. *Pro se* Petitioner.

Gregory E. Smith, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Attorney for Respondent.

February 6, 2006
Wilmington, Delaware



JORDAN, District Judge

## I.     INTRODUCTION

Petitioner Richard D. Taylor ("Taylor") filed a petition for a writ of habeas corpus (D.I. 1) pursuant to 28 U.S.C. § 2254. For the reasons set forth below, I will dismiss his petition.

## II.     PROCEDURAL AND FACTUAL BACKGROUND

In October 1971, a Superior Court jury convicted Taylor of first degree kidnaping and first degree rape. The Superior Court sentenced him to two concurrent life terms of imprisonment. *Taylor v. State*, 298 A.2d 332 (Del. 1972). Taylor was released on parole in June 1986. On April 30, 1993 Taylor was arrested, and subsequently pled guilty to possession of cocaine. He was sentenced to one year of imprisonment, immediately suspended for probation. After several more arrests and convictions, Taylor's parole was finally revoked in January 1999. However, he was immediately re-paroled to Crest, a Level IV treatment program, followed by Level III supervision. Taylor violated the conditions of his supervision, and his parole was revoked in July 2000. The Parole Board placed Taylor at Level IV home confinement, followed by Level III supervision. Taylor again violated the terms of his supervision, and his parole was revoked in June 2001. In March 2003, Taylor was paroled to Level IV work release and the Crest program, followed by Level II supervision. Once again, Taylor violated the conditions of his supervision, and his parole was revoked on May 8, 2004. Taylor has been incarcerated in the Delaware Correctional Center since that date. (D.I. 18.)

1

On July 2, 2004, Taylor filed a petition for the writ of habeas corpus in the

Delaware Superior Court, arguing that he had completely served his sentence and

therefore, he could not be held for violating the terms of his parole. On July 8, 2004,

the Superior Court denied the petition after determining that his detention was legal.

Apparently Taylor was not aware of that ruling, because on July 20, 2004, he filed a

petition for a writ of mandamus in the Delaware Supreme Court, seeking to compel the

Superior Court to rule upon his state habeas petition. The Delaware Supreme Court

denied the mandamus petition as moot in September 2004. In October 2004, Taylor

appealed the Superior Court's July 8, 2004 order denying his state petition for habeas

corpus. The Delaware Supreme Court dismissed the appeal as untimely. *Taylor v.*

*State*, 2004 WL 3252831 (Del. Dec. 16, 2004).

## III.    DISCUSSION

Taylor filed the instant petition for federal habeas relief in January 2005. His

petition asserts four claims for relief: first the Superior Court violated his right to equal

protection and due process by failing to timely and properly rule on his state petition for

habeas corpus; second the Delaware Supreme Court violated his right to equal

protection and due process by failing to timely and properly rule on his petition for a writ

of mandamus and his subsequent appeal of the Superior Court's decision regarding his

state habeas corpus petition; third the Superior Court violated his right to equal

protection and due process by failing to notify him of its decision to deny his state

petition for habeas corpus; and fourth, basically repeating his second claim, the

Delaware Supreme Court violated his right to due process by failing to timely rule on his

petition for a writ of mandamus. (D.I. 1.)

2

The State filed an answer, arguing that the petition must be dismissed because none of Taylor's claims present issues cognizable on federal habeas review. (D.I. 18.) Taylor filed two submissions in response to the State's answer. In his first response, Taylor states that "[t]he real substance of petitioner's arguments is that he does not fall within the application of the Truth-in-Sentencing Act, nor should this application be applied retroactively to 1971, which does violate the ex post facto clause of Article I, § 10." (D.I. 15, at 4.) Taylor's second response contains a handwritten excerpt from the Delaware Code, title 11, section 4346, which defines "imprisonment for life," and a brief synopsis of Delaware case law interpreting section 4346. (D.I. 26.) I construe Taylor's two additional filings as providing clarification of Taylor's original claims, and, therefore, will include them in my review of the instant petition. The six claims can be divided into two groups: the four original claims challenge the procedure provided by the Delaware state courts in Taylor's collateral proceedings, and the two clarifying claims challenge the Delaware courts' failure to afford him relief based on their alleged misapplication of Delaware state law.

None of these claims provide a basis for federal habeas relief. Pursuant to the federal habeas statute, a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Claims based on errors of state law or challenging a state court's interpretation of state law are not cognizable on federal habeas review. *Estelle v. McGuire*, 502 U.S. 62, 67-8 (1991); *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Riley v. Taylor*, 277 F.3d 261, 310 n.8 (3d Cir. 2001). Further, the "federal role in reviewing an application for habeas corpus is limited to evaluating

3

what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's *collateral* proceedings does not enter into the habeas calculation."[1] *Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998) (emphasis added). Delay in processing a collateral claim does not render the petitioner's continued imprisonment unlawful and, therefore, does not warrant federal habeas relief. *Id.* Rather, "to the extent that delay in the processing of a collateral petition violates due process, ... the petitioner's remedy, if any, is through a lawsuit for damages or a writ of mandamus rather than through the habeas corpus proceeding itself. *Id.* at 955.

Applying the foregoing principles to all six claims, I conclude that they do not provide a basis for federal habeas relief. Accordingly, I will dismiss Taylor's petition.

## IV.    CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

---

[1]The Fourth, Fifth, Sixth, Ninth, Tenth, and Eleventh Circuits agree that an alleged error in a state collateral proceeding does not provide a basis for federal habeas relief. *See McGee v. Crosby*, 2005 WL 9541123, at *3 n.9 (N.D. Fla. Apr. 19, 2005)(collecting cases).

4

I conclude that Taylor's habeas petition fails to warrant federal habeas relief. Reasonable jurists would not find this conclusion debatable.  Consequently, Taylor has failed to make a substantial showing of the denial of a constitutional right, and I decline to issue a certificate of appealability.

## V.     CONCLUSION

For the foregoing reasons, I will dismiss Taylor's petition.  I also find no basis for the issuance of a certificate of appealability.  An appropriate Order will follow.